ALMON, Justice.
Thomas G. Green IV petitions this Court for a writ of mandamus “directing the trial court to permit the filing of the Petitioner’s Answer within ten (10) days of this Court’s Order.” In the underlying action, petitioner’s father, Thomas G. Green, Jr., also known as Thomas G. Green III, seeks a declaration of the ownership of a certain certificate of deposit and the funds represented thereby. It appears that the son was not personally served with the summons and complaint. When he filed an untimely answer, the trial court granted the father’s motion to strike. The son filed a “motion for reconsideration” of the order granting the motion to strike. After consideration of the briefs and affidavits submitted on that motion, the trial court denied it.
Rule 12(b)(5), Ala.R.Civ.P., provides that a defense of insufficiency of service of process may be made in a responsive pleading or by motion; Rule 12(b) also provides that a motion making this defense “shall be made before pleading if a further pleading is permitted.” Rule 12(h)(1) provides:
“A defense of ... insufficiency of service of process is waived ... (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.”
Thomas G. Green IV entered an appearance by filing an answer that made no mention of the alleged insufficiency of service of process. The amended complaint adding him as a defendant was filed on February 12, 1988; the copy of his answer that is before us does not show a filing date, but the certificate of service is dated October 6,1988. The summons included as an exhibit to the petition for mandamus does not indicate when it was served, but the petition also includes an affidavit of the deputy sheriff who served it; that affidavit states: “I gave these papers to a woman at this address. I did not serve them on Mr. Green personally.” Thomas G. Green IV states in his affidavit in support of his motion for reconsideration that the woman who was served could have been his mother or his mother’s maid; that his mother *1034 had no recollection of receiving the papers; and that “I found a copy of these documents at my parents’ house recently and took them to my attorney immediately.”
Rule 12(a) states that “A defendant shall serve his answer within 30 days after the service of the summons and complaint upon him.” The exhibits to the petition do not show that a default judgment was entered against Thomas G. Green IV, but the respondent’s brief states that the court entered such a judgment after striking the untimely answer on the merits. Certainly, from all appearances, at that stage Thomas G. Green IV was in default. See Rule 55, Ala.R.Civ.P. His untimely answer consists only of denials of some allegations and averments of insufficient knowledge to admit or deny the rest of the allegations; he makes no claim to the funds or the certificate of deposit. The only relief requested against Thomas G. Green IV in the amended complaint was that he be required to show what interest, if any, he claimed in the certificate of deposit. The real dispute appears to be between his father and another party whose name appears on the certificate of deposit.
All that is before us on the petition for mandamus is the question of whether the trial court clearly erred in striking the answer filed by Thomas G. Green IV or in denying his motion for reconsideration. Ex parte Adams, 514 So.2d 845 (Ala.1987). Because the untimely answer contained no averments regarding the now-alleged insufficiency of service of process, the trial court did not err in granting the motion to strike. From all that appears, we must conclude that the trial court did not clearly err in denying the motion for reconsideration, if only because neither the answer nor the motion raised a meritorious defense. We hold that he has not shown a clear right to mandamus.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.